[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**APRIL 8, 2003**
**THOMAS K. KAHN**
**CLERK**

No. 02-12229
Non-Argument Calendar

D.C. Docket No. 96-00089-CR-FTM-24

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARVEY KEITH FAIR,

Defendant-Appellant.

Appeal from the United States District Court for the
Middle District of Florida

**(April 8, 2003)**

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Appellant Harvey Keith Fair, a pro se federal prisoner, appeals the district court's denial of his motion pursuant to Federal Rule of Civil Procedure 60(b)(4). After review, we affirm.

Fair pled guilty to one count of possessing a firearm while being a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). After filing an unsuccessful § 2255 motion, Fair sought to correct alleged deficiencies in his sentence via 18 U.S.C. § 3582(c)(2).[1] The district court denied Fair's § 3582(c)(2) motion and Fair appealed. The merits of Fair's underlying § 3582(c)(2) motion are the subject of a separate appeal, number 03-11211, which remains pending.

After filing his notice of appeal as to his § 3582(c)(2) motion, Fair filed another motion pursuant to Rule 60(b)(4) that merely reiterated his § 3582(c)(2) claims. The district court denied the Rule 60(b)(4) motion and Fair again appealed. The only issue in this appeal is the denial of Fair's Rule 60(b)(4) motion.

Although there are considerable deficiencies in Fair's arguments on the merits, we need not discuss them because Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2).

Unlike forms of post-conviction relief which has been deemed civil in nature, see, e.g., Fisher v. Baker, 203 U.S. 174, 181 (1906) (habeas corpus proceedings),

---

[1]Section 3582(c)(2) allows for the modification of a defendant's sentence based on subsequent changes in the sentencing guidelines.

every circuit court which has address § 3582(c)(2) has determined that it is criminal in nature and therefore covered by rules applying to criminal cases, not civil cases. See, e.g., United States v. Espinosa-Talamantes, 319 F.3d 1245, 1246-47 (10th Cir. 2003) (concluding civil Rule 4(a)(1)(B) for time to appeal does not apply to § 3582(c)(2)); United States v. Arrango, 291 F.3d 170, 171-72 (2d Cir. 2002) (same); United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (same); United States v. Petty, 82 F.3d 809, 810 (8th Cir. 1996) (same); United States v. Ono, 72 F.3d 101, 102-03 (9th Cir. 1995) (same).

These circuit courts have all held that a § 3582(c)(2) motion is not a civil postconviction action, but rather a continuation of a criminal case. The courts based their decisions on the fact that § 3582 "governs the imposition and subsequent modification of a sentence of imprisonment, and it refers to the statutes and rules governing the imposition of sentences." Alvarez, 210 F.3d at 310 (internal quotations and citation omitted). We agree with our sister circuits' reasoning and adopt it as our own.

In United States v. Mosavi, 138 F.3d 1365 (11th Cir. 1998), we addressed the applicability of Rule 60(b) in the context of a criminal case. In Mosavi, the appellant sought to set aside a criminal forfeiture imposed as part of his criminal sentence via a Rule 60(b) motion. Id. at 1365. This Court stated, however, that the Federal Rule of Civil Procedure "unambiguously" limited their application to civil cases. Id. at

1366. Consequently, we held that the appropriate vehicle for challenging the forfeiture was Mosavi's direct criminal appeal of his conviction and sentence and that "Rule 60(b) simply does not provide for relief from judgment in a criminal case." Id.

Because § 3582 is likewise criminal in nature, Fair cannot use Federal Rule of Civil Procedure 60(b)(4) to attack any alleged deficiencies in the district court's underlying order denying Fair's § 3582(c)(2) motion. Consequently, the district court correctly denied Fair's Rule 60(b)(4) motion.

**AFFIRMED.**