[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK

No. 05-13699
Non-Argument Calendar

_____

D.C. Docket  No. 97-00003-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE LEE WILLIAMS,
a.k.a. "Too Death",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 9, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ronnie Williams, a federal prisoner, appeals pro se the district court's denial of his post-conviction motion requesting grand jury transcripts. No reversible error has been shown; we affirm.

Williams was sentenced to life imprisonment in 1997 for a drug conspiracy offense. We affirmed his conviction and sentence on direct appeal. In September 2000, Williams filed a 28 U.S.C. § 2255 motion to vacate sentence; that motion was denied.[1]

Williams filed the instant motion requesting grand jury transcripts pursuant to 18 U.S.C. § 3500 (the Jencks Act)[2] and Fed.R.Crim.P. 6(e)(3)(E).[3] Williams stated that he needed the requested grand jury testimony of certain named government witnesses so that he could "file a second/successive [§ 2255 motion],

---

[1]A claim raised in Williams's section 2255 motion asserted ineffective assistance of counsel based on his trial counsel's failure to cross-examine and impeach witnesses who, according to Williams, presented false testimony. The section 2255 motion was denied: the district court concluded that trial counsel's decision was a permissible tactical decision. We refused to issue Williams a certificate of appealability in his habeas proceeding. The grand jury transcripts sought by Williams in the instant motion is for witness testimony that Williams focused upon in his unsuccessful section 2255 ineffective assistance of counsel claim.

[2]Williams's reliance on the Jencks Act, 18 U.S.C. § 3500, is misplaced. The Jencks Act governs demands for production of witness statements and reports in a criminal proceeding. The purpose of the Jencks Act is to enable the defense in a criminal proceeding to impeach a government witness during cross-examination. See United States v. Prieto, 505 F.2d 8, 11 (5th Cir. 1974).

[3]Fed.R.Crim.P. 6(e)(3)(E) authorizes disclosure of grand jury matters under narrowly prescribed circumstances.

and/or a [Fed.R.Civ.P.] 60(b) motion, which [would] allow [him] to move forward in his litigation." According to Williams, these witnesses presented false testimony before the grand jury and at trial.

The general rule is that grand jury proceedings are to be kept secret. See United States v. Aisenberg, 358 F.3d 1327, 1346 (11th Cir. 2004). Limited exception to the general rule may apply when the grand jury matter is sought "preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(E)(i). A party seeking grand jury transcripts bears the burden of showing that (1) the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured to embrace only necessary material. Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 99 S.Ct. 1667, 1674 (1979); United Kingdom v. United States, 238 F.3d 1312, 1320-21 (11th Cir. 2001) (quoting the Douglas Oil Co. standard). "These same demanding standards apply even after the grand jury has concluded its operations." Aisenberg, 358 F.3d at 1348. The defendant seeking grand jury material must show a "particularized need;" generalized allegations will not suffice. United States v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988).

The district court concluded that Williams's motion satisfied his burden on none of the criteria applicable to his request. We agree. We need only address the first: whether the materials sought were needed to avoid injustice in another judicial proceeding. As the district court noted, Williams is involved in no other judicial proceeding. And, even accepting that Williams claims to need these materials to seek post-conviction relief, Williams fails to show how the requested information supports the availability of such relief. To file a second or successive habeas petition, authorization is required from the Court of Appeals, 28 U.S.C. § 2244(b)(3), and such authorization may only be granted upon a showing of (i) newly discovered evidence sufficient to establish that no reasonable jury would have convicted Defendant; or (ii) a new rule of constitutional law made retroactively applicable on collateral review. 28 U.S.C. § 2255. Williams made no showing that the grand jury materials -- which involved no newly discovered evidence[4] and implicate no new rule of constitutional law -- could make available to him permission to file a second or successive habeas petition.

Williams's reliance on Fed.R.Civ.P. 60(b) also is unavailing. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United

---

[4]The government represents that copies of the grand jury transcripts were supplied to Williams's trial counsel in 1997 as part of the government's discovery disclosures; the transcripts are not "newly discovered" evidence.

States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (internal quotations and citation omitted).  Williams misapprehends Gonzalez v. Crosby, 125 S.Ct. 2641 (2005), when he argues that, in Gonzalez, the Supreme Court reaffirmed the availability of Rule 60(b) relief from a criminal judgment.  Instead, under very limited circumstances, Gonzalez recognizes the availability of Rule 60(b) to challenge a civil judgment in a habeas case.  Williams proposes to use the requested grand jury transcripts to challenge his underlying criminal conviction; Rule 60(b) has no application.

AFFIRMED.