[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12039
Non-Argument Calendar

_____

D. C. Docket No. 97-00462-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO QUINONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 25, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

In 1998 Guillermo Quinones was convicted of conspiracy to possess with

intent to distribute cocaine, in violation of 21 U.S.C. § 846. His motion for new trial was denied, and he was sentenced to 240 months imprisonment. In 2001 Quinones, represented by counsel, filed a 28 U.S.C. § 2255 motion seeking to vacate his sentence. The motion was denied and we affirmed that denial. Earlier this year Quinones, proceeding pro se, filed a Fed.R.Civ.P. 60(b) motion seeking a new trial of the same criminal charges for which he is serving the sentence.

In his Rule 60(b) motion Quinones asserted the claim that his counsel was being investigated at the time of the trial for receiving the proceeds of drug sales, which meant that he had a conflict of interest, and that conflict adversely affected counsel's performance. Because the government withheld the information about his counsel's conflict of interest, Quinones argues that the district court had abused its discretion by denying his motion for a new trial and he is entitled to that relief now. The district court denied Quinones motion, and he has appealed.

We review the denial of a Rule 60(b) motion only for an abuse of discretion, see Davis v. Florida Power & Light Co., 205 F.3d 1301, 1304 n.4 (11th Cir. 2000), and we address jurisdictional questions de novo, Evans v. Walter Industries, Inc., 449 F.3d 1159, 1162 (11th Cir. 2006). The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature . . . ." Fed.R.Civ.P. 1. Rule 60(b) does not provide for relief from judgment

2

in a criminal case. <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998); <u>United States v. Fair</u>, 326 F.3d 1317, 1318 (11th Cir. 2003). It can in some limited circumstances provide relief from an earlier denial of a § 2255 petition. <u>See</u> <u>Gonzalez v. Crosby</u>, 125 S.Ct. 2641, 2648–50 (2005).

In other circumstances, a Rule 60(b) motion is treated as a second or successive habeas corpus petition, and is therefore subject to the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996). <u>See</u> <u>Felker v. Turpin</u>, 101 F.3d 657, 661 (11th Cir.1996) ( 28 U.S.C. § 2254 context). If a Rule 60(b) motion puts forward a new claim for relief or a reason for granting a claim denied in the earlier petition, it is "in substance a successive habeas petition and should be treated accordingly." <u>Gonzalez</u>, 125 S.Ct. at 2647. Before a prisoner may file a second or successive § 2255 motion, we must authorize it by granting certification. <u>See</u> 28 U.S.C. § 2255. Without that authorization, the district court has no jurisdiction to consider a successive § 2255 motion. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

Because Quinones' Rule 60(b) motion puts forward a new claim for relief or a reason for granting a previously denied claim, it is subject to the restrictions on second and successive motions for § 2255 relief. We have not certified the motion

as one that may be brought, and could not do so because it does not fit within the strictures of § 2255 ¶ 8.  Accordingly, the district court lacked jurisdiction to grant the motion.   It was properly denied.

**AFFIRMED.**