[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2006
THOMAS K. KAHN
CLERK

No. 06-11380
Non-Argument Calendar

_____

D. C. Docket No. 90-00491-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 13, 2006)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Luis E. Martinez, a pro se federal prisoner currently serving a 165-month sentence arising out of his 1996 jury convictions for conspiracy to conduct a racketeering enterprise, conspiracy to possess with intent to distribute cocaine and

heroin, and conspiracy to travel in interstate commerce to facilitate an unlawful activity, appeals the district court's denial of his "Motion Challenging the District Court Jurisdiction to Nullify, First Petit Jury Verdict in Favor of Defendant and Second the District Court Own Final and Valid Judgment of Acquittal" ("Motion to Nullify"), which he filed pursuant to Fed. R. Civ. P. 12(h)(3). After careful review, we affirm.

On December 10, 1993, Martinez and eight co-defendants were indicted for conspiracy to engage in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c) (Count One); conspiracy to possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846 (Count Two); and (3) conspiracy to violate the Travel Act, in violation of 18 U.S.C. § 371 (Count Three). In 1995, after a six-week trial, a jury convicted Martinez of Counts One and Three, but acquitted him on Count Two. Thereafter, the government brought jury-tampering charges against one of Martinez's co-defendants and two others, including one of the jurors from the 1995 trial. The defendants in the jury-tampering case pled guilty and, based on the jury-tampering proceedings, Martinez filed a motion for a new trial, which the government did not oppose. The district court granted a new trial and Martinez and three of his co-defendants proceeded to a second jury trial.

2

At the end of the second trial, the jury returned verdicts finding Martinez guilty of all counts as charged. He was sentenced to a 165-month term of imprisonment, followed by three months' supervised release. We affirmed his convictions and sentence. United States v. Martinez, No. 97-4269 (11th Cir. Oct. 16, 1998) (unpublished). Thereafter, Martinez filed a motion based on 28 U.S.C. § 2255, which was denied. In December 2002, we denied Martinez's motion for a certificate of appealability to challenge the denial of his § 2255 motion.

Over three years later, Martinez filed the instant Motion to Nullify, in which he challenged the district court's subject-matter jurisdiction over his second trial. According to Martinez, because he initially had been acquitted on Count Two, double jeopardy barred him from being retried on that count at the second jury trial, which was ordered pursuant to Martinez's motion for a new trial based on the jury-tampering proceedings. In his Motion to Nullify, Martinez argued that (1) the district court subjected him to double jeopardy when it nullified the first jury's verdict and ordered a new trial that included Count Two; and (2) the government could not re-litigate Counts One and Three because of collateral estoppel.

The district court denied Martinez's Motion as untimely, noting that Martinez had provided no explanation for the late filing of his challenge to the conviction on Count Two. The court also denied Martinez's motion to reconsider,

in which he said that the reason he had not filed the challenge earlier was due to ineffective assistance of his trial counsel. This appeal followed.

We review a district court's "'interpretation and application of statutory provisions'" as well as issues of subject-matter jurisdiction de novo. United States v. Estupinan, 453 F.3d 1336, 1338 (11th Cir. 2006) (holding that questions of subject-matter jurisdiction may be raised at any time); United States v. Tinoco, 304 F.3d 1088, 1114 (11th Cir. 2002). Furthermore, we may affirm on any ground supported by the record. United States v. Mejia, 82 F.3d 1032, 1035 (11th Cir. 1996).

The Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature . . . ." Fed. R. Civ. P. 1. Moreover, it is well-established that the Federal Rules of Civil Procedure do not provide for relief from judgment in a criminal case. United States v. Mosavi, 138 F.3d 1365, 1365-66 (11th Cir. 1998) ("finding that the district court lacked the subject matter jurisdiction necessary to provide Rule 60(b) relief" because a defendant could not challenge a criminal forfeiture order using the Federal Rules of Civil Procedure); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that Fed. R. Civ. P. 60(b)(4) is a civil motion that is not available to an individual challenging his sentence under 18 U.S.C. § 3582(c)(2)).

4

Here, Martinez asked the district court to nullify his criminal conviction pursuant to Rule 12(h)(3).  Simply put, because Rule 12(h)(3) is a rule of <u>civil</u> procedure, it did not afford a means of relief for Martinez to invalidate his criminal conviction.  See <u>Mosavi</u>, 138 F.3d at 1365-66.[1]  Accordingly, we affirm the denial of the Motion to Nullify.

**AFFIRMED.**

---

[1]We also can discern no abuse of district court in the district court's denial of Martinez's motion for reconsideration. <u>Cf.</u> <u>United States v. Simms</u>, 385 F.3d 1347, 1356 (11th Cir. 2004) (reviewing denial of motion to reconsider, in the criminal context, for abuse of discretion).