UNITED STATES of America,
Plaintiff–Appellee,

v.

William Andrew KINSEY, III,
Defendant–Appellant.

No. 06–16166
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 7, 2008.

William Andrew Kinsey, III, Coleman, FL, pro se.

Madeleine R. Shirley, Anne R. Schultz, Jonathan D. Colan, U.S. Attorney's Office Miami, FL, for Plaintiff–Appellee.

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

William A. Kinsey, III, a federal prisoner proceeding *pro se*, appeals the district court's orders denying his (1) motion for modification of his sentence pursuant to 18 U.S.C. § 3582; (2) motion to reconsider the § 3582 denial; (3) motion for determination of status, supplemental brief in support of his § 3582 motion, "Production of Certification and Authorization," and affidavit; and (4) motion to reconsider the denial of those requests for relief. Kinsey is currently serving a sentence of 1,655 months' imprisonment for six armed rob-

beries, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and 18 U.S.C. § 924(c). In August 2006, Kinsey filed the instant § 3582 motion, in which he argued that his sentence was unconstitutional. In an order entered on September 1, 2006, the district court denied the motion. On September 13, 2006, Kinsey filed a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b). The district court entered an amended order denying the motion on October 16, 2006.

Meanwhile, Kinsey filed a motion for determination of status, a supplemental brief in support of his § 3582 motion, a "Production of Certification and Authorization," and an affidavit, in each of which he argued that the district court lacked jurisdiction over his case. In an order entered on September 27, 2006, the district court denied those requests for relief. On September 28, 2006, Kinsey filed a motion to reconsider that order pursuant to Fed. R.Civ.P. 59(e), which the court denied in an order entered on October 3, 2006.

On November 15, 2006, Kinsey filed a notice of appeal, which, liberally construed, sought to appeal the district court's denials of the various underlying substantive motions and the motions for reconsideration.[1] The government argues that Kinsey's notice of appeal was untimely and that his appeal should be dismissed for lack of jurisdiction. Kinsey does not address the timeliness of his notice of appeal or appellate jurisdiction in his briefs, but he did attempt to explain the untimely filing in his notice of appeal.

We must resolve jurisdictional issues before we address the merits of the underlying claims because, without a timely filed notice of appeal, we are without jurisdic-

1. Kinsey's notice of appeal was deemed filed on the date he delivered it to the prison mailing system. *See Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988).

tion to review a decision on the merits. *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir.2005) (per curiam). We review jurisdictional questions *de novo*. *Id.*

In a criminal case, a defendant's notice of appeal must be filed in the district court within ten days after the entry of the order being appealed. Fed. R.App. P. 4(b)(1)(A)(i). The Federal Rules of Criminal Procedure do not expressly authorize the filing of a motion to reconsider an order by the district court, but "the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion." *United States v. Vicaria*, 963 F.2d 1412, 1413–14 (11th Cir.1992) (per curiam) (citing *United States v. Dieter*, 429 U.S. 6, 8–9, 97 S.Ct. 18, 19–20, 50 L.Ed.2d 8 (1976)). A district court may retroactively extend the time to file a notice of appeal beyond the initial ten-day period, for up to an additional thirty days, "[u]pon a finding of excusable neglect or good cause." Fed. R.App. P. 4(b)(4). In a criminal case where the appellant is proceeding *pro se*, we typically have treated an untimely notice filed within the thirty-day period as a motion for an extension of time due to excusable neglect and have remanded the case to the district court. *Sanders v. United States*, 113 F.3d 184, 186 (11th Cir.1997) (per curiam); *United States v. Ward*, 696 F.2d 1315, 1317–18 (11th Cir.1983).[2]

The district court denied Kinsey's § 3582 motion in an order entered on the docket on September 1, 2006.[3] Kinsey's motion to reconsider that order was timely filed on September 13, 2006. *See* Fed. R.App. P. 26(a) (providing rules for computing time to file). The motion for reconsideration tolled the time for filing a notice of appeal until the district court denied the reconsideration motion in an order entered on October 16, 2006. Thereafter, Kinsey had ten days (excluding Saturday and Sunday), or until October 30, 2006, in which to file a notice of appeal from both the order denying his § 3582 motion and the order denying his motion for reconsideration.

The district court's order denying Kinsey's motion for determination of status and related pleadings was entered on September 27, 2006. The next day, Kinsey timely filed a motion for reconsideration, which tolled the time for appealing the order until the district court denied his motion for reconsideration on October 3, 2006. Kinsey thus had until October 18, 2006 to file a notice of appeal as to these orders.[4]

Kinsey's notice of appeal was deposited in the prison mail system on November 15, 2006, and thus was untimely filed. However, it was filed within the thirty-day period governing motions for extensions of time under Fed. R.App. P. 4(b)(4). We therefore construe Kinsey's notice as a timely motion for an extension

---

**2.** Kinsey purports to file his motions to reconsider under Fed.R.Civ.P. 60(b) and 59(e), respectively. However, civil rules of procedure do not provide relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003) (per curiam). Therefore, Kinsey's reconsideration motions are governed by the filing period applicable to criminal appeals. *See* Fed. R.App. P. 4(b)(1)(A)(i); *Vicaria*, 963 F.2d at 1414 ("A motion for reconsideration in a criminal case must be filed within the period of time allot-

ted for filing a notice of appeal in order to extend the time for filing the notice of appeal.").

**3.** An order is considered "entered" for purposes of Fed. R.App. P. 4(b) when it is entered on the criminal docket. Fed. R.App. P. 4(b)(6).

**4.** This calculation excludes Columbus Day, which was observed on October 9, 2006.

of time, and we remand this case to the district court for a determination of excusable neglect or good cause.

**REMANDED WITH INSTRUCTIONS.**