[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13875
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-00013-CR-1-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEOLIA MILLSAP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 23, 2008)

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Theolia Millsap, a federal prisoner proceeding pro se, was convicted of drug

and firearms violations and sentenced to a total of 540 months' imprisonment.  We affirmed Millsap's convictions and sentences.  Millsap then filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706 of the Sentencing Guidelines, which reduced base offense levels applicable to crack cocaine.  The district court applied the amendment, calculated a new guideline imprisonment range, and reduced Millsap's total term of imprisonment to 390 months.  After the time for filing a notice of appeal had expired, Millsap filed a motion to file an appeal out of time, which the district court denied.  Millsap now appeals the district court's denial of his motion to file an appeal out of time.  Millsap argues that the district court should have applied Fed.R.Civ.P. 4(a)(6) to allow him to file out of time because he did not timely receive a copy of the § 3582(c)(2) order and, thus, he showed good cause and excusable neglect.

We review de novo a district court's interpretation of federal rules of procedure.  Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1308 (11th Cir. 2002).  A motion under 18 U.S.C. § 3582(c)(2) "is not a civil post-conviction action, but rather a continuation of a criminal case."  United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).  Therefore, it is governed by procedural rules that apply to criminal cases, not civil cases.  Id.

Ordinarily, in a criminal case, "a defendant's notice of appeal must be filed

in the district court within 10 days after" the entry of the order being appealed, under Rule 4(b)(1)(A). Fed.R.App.P. 4(b)(1)(A)(i). This requirement is "jurisdictional and strictly applied." United States v. Phillips, 225 F.3d 1198, 1200 (11th Cir. 2000). Although the clerk of court must provide notice to the defendant regarding any order entered on any post-arraignment motion, a clerk's failure to do so "does not affect the time to appeal, or relieve–or authorize the court to relieve–a party's failure to appeal within the allowed time." Fed.R.Crim.P. 49(c).

However, under subsection (4) of Rule 4(b),

> [u]pon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed.R.App.P. 4(b)(4).

Where a criminal defendant has filed a notice of appeal more than 10 days after the entry of an order, but within 40 days after the entry of an order, the district court has the responsibility to determine whether excusable neglect authorizes an extension of time. United States v. Ward, 696 F.2d 1315, 1318 (11th Cir. 1983). However, a district court may not extend the time for filing a notice of appeal more than 30 days beyond Rule 4(b)'s 10-day deadline. See United States v. Grant, 256 F.3d 1146, 1150-51 (11th Cir. 2001). While Fed.R.App.P. 4(a)(6), which applies

3

to civil cases, provides relief in civil cases based upon a lack of notice, Rule 4(b), which covers criminal appeals, does not contain a similar provision. <u>Compare</u> Fed.R.App.P. 4(a)(6)(B) <u>with</u> Fed.R.App.P. 4(b).

The record shows that Millsap's motion to file a notice of appeal out of time was filed more than 30 days after Rule 4(b)'s 10-day deadline. Therefore, the district court did not err in denying Millsap's motion.

**AFFIRMED.**