[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-11896
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 90-00759-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN HINSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 6, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Marvin Hinsey, a federal prisoner convicted of armed robbery and the use of

a firearm during the commission of a felony, appeals *pro se* the district court's denial of his FED. R. CIV. P. 52(a) motion to vacate its denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 599 to the Guidelines. In his motion to vacate, Hinsey argued, under Rule 52(a), that the district court failed to give the facts and legal reasoning that it relied on in denying his § 3582 motion. On appeal, Hinsey argues that he was entitled to a reduction of sentence based on Amendment 599 because he was given a weapons enhancement on top of his conviction for using a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c).

We review our subject matter jurisdiction *de novo*. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005) (per curiam). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days . . . of the entry of either the judgment or the order being appealed. . . ." FED. R. APP. P. 4(b)(1)(A)(i). A motion in a criminal case "must be filed within the period of time allotted for the filing of a notice of an appeal" in order to toll the time for filing the notice of appeal and give us jurisdiction to consider the underlying motion. *See United States v. Russo*, 760 F.2d 1229, 1230 (11th Cir. 1985) (per curiam).

Here, the district court denied Hinsey's § 3582(c)(2) motion on January 8,

2

2007.  Hinsey filed his motion to vacate the denial of his § 3582(c)(2) motion on January 26, 2007.  As such, Hinsey's motion to vacate was not filed within 10 days of the district court's denial of his § 3582 motion.  Therefore, we do not have jurisdiction to review the district court's denial of his underlying § 3582 motion.

In contrast, we do have jurisdiction to consider Hinsey's appeal of the denial of his motion to vacate because his notice of appeal was filed within ten business days of the district court's denial of his motion.  However, when an appellant does not raise an issue on appeal, it is abandoned.  *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

On appeal, Hinsey only challenges the district court's denial of his § 3582 motion.  As previously stated, we do not have jurisdiction to consider that denial.  He does not challenge the district court's denial of his motion to vacate.  Therefore, he has abandoned that claim.

Even if we were to liberally construe Hinsey's brief on appeal as a challenge to the district court's denial of his FED. R. CIV. P. 52(a) motion to vacate, we would find no reversible error.  The Federal Rules of Civil Procedure cannot be used to challenge the denial of a § 3582 motion.  *See United States v. Fair*, 326 F.3d 1317, 1317 (11th Cir. 2003) (per curiam).  "[T]he Federal Rules of Civil Procedure 'unambiguously' limited their application to *civil* cases."  *Id.* at 1318.  "[A] § 3582

3

motion is not a civil post-conviction action, but rather a continuation of a criminal case." *Id.* Because the Federal Rules of Civil Procedure cannot be used to challenge the denial of a § 3582 motion, Hinsey cannot use FED. R. CIV. P. 52(a) to challenge the district court's denial of his § 3582 motion.

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm the district court's denial of Hinsey's motion to vacate. We dismiss Hinsey's appeal for lack of jurisdiction to the extent that he appeals the denial of his § 3582 motion.

**DISMISSED IN PART, AFFIRMED IN PART.**