[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11369
Non-Argument Calendar

_____

D. C. Docket No. 89-00107-CR-HLM-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY E. WINSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 28, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Stanley E. Winston, a federal prisoner proceeding pro se, appeals the district

court's denial of his Federal Rule of Civil Procedure 60(b)(3) motion, in which he alleged that the government acted fraudulently in his underlying criminal proceedings. After his initial 28 U.S.C. § 2255 motion was denied on the merits, Winston filed numerous additional post-conviction challenges, all of which were dismissed as successive. Winston then filed this Rule 60(b)(3) motion in which he explained that an exhibit pertaining to a car that was used to obtain his arrest warrant was no longer in the record, and argued that its absence from the record showed that it was falsified. The district court denied the motion, finding that the exhibit's absence from the court's file (1) did not prove that a fraud had occurred or that the prosecutor had engaged in misconduct, and (2) failed to prove that the car never existed. R4-176 at 2-3.

Winston argues that the district court erred in denying his Rule 60(b)(3) motion because he submitted evidence showing that the government committed fraud in his underlying criminal proceedings by attributing to him possession of a car that did not exist. In his Rule 60(b)(3) motion, he did not identify the judgment from which he was seeking relief, but requested a mistrial as the remedy and did not allege fraud in his prior post-conviction proceedings. See R4-175 at 1-3.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. See Turner v. Sec'y of Air Force, 944 F.2d 804, 807 (11th Cir. 1991).

2

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on, inter alia, "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). We, however, are obligated to inquire into the existence of subject-matter jurisdiction at all times, see Johansen v. Combustion Eng'g, Inc., 170 F.3d 1320, 1328 n.4 (11th Cir. 1999), and we "may affirm the district court's decision on any adequate ground, even if it is other than the one on which the court actually relied," Smith v. Allen, 502 F.3d 1255, 1280 (11th Cir. 2007) (quotation marks and citation omitted).

Rule 60(b) does not provide for relief from judgment in a criminal case, United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (per curiam), but may provide relief in limited circumstances from the denial of a § 2255 motion, see Gonzalez v. Crosby, 545 U.S. 524, 534, 125 S. Ct. 2641, 2649 (2005). We construe a Rule 60(b) motion as a post-conviction motion to vacate a sentence under § 2255 where it "seeks to add a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648 (emphasis omitted). In order to file a second or successive § 2255 motion, a federal prisoner must obtain our permission. See 28 U.S.C. § 2255(h), cross-referencing 28 U.S.C. § 2244(b). A petitioner who files a Rule

3

60(b) motion may not circumvent the statutory restrictions on second or successive applications, unless the Rule 60(b) motion attacks a defect in the integrity of the federal habeas proceedings, such as fraud upon the federal court that led to the denial of the original habeas petition. Gonzalez, 545 U.S. at 532, 125 S. Ct. at 2648.

The district court lacked jurisdiction to consider the merits of Winston's motion, regardless of whether it was characterized as a Rule 60(b)(3) motion seeking relief directly from his underlying conviction or as an unauthorized successive § 2255 motion, because he sought to raise a merits challenge to the legality of his underlying conviction. Accordingly, we affirm.

**AFFIRMED.**

4