[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12154
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2010
JOHN LEY
CLERK

D.C. Docket No. 7:00-cr-00004-WLS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAJRICK CONAWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 9, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On August 29, 2000, appellant having pled guilty to a two-count indictment

charging him with possession with intent to distribute cocaine, in violation of 21

U.S.C. § 841(a)(1) and possession of marijuana, in violation of 21 U.S.C. § 844, was sentenced by the district court to concurrent prison terms of 292 months.[1] Subsequently, in United States v. Conaway, 326 Fed.Appx 545 (11th Cir. 2009), we affirmed the district court's denial of appellant's motion to reduce his sentences pursuant to 18 U.S.C. § 3582(c).

Following the issuance of the mandate, appellant, on August 18, 2009, moved the district court pursuant to Fed. R. Civ. P. 60(b)(6) to amend its order denying him § 3582(c) relief. The court denied the motion on April 7, 2010. Appellant moved the court under Fed. R. Civ. P. 59(c) to reconsider its April 7 order denying Rule 60(b)(6) relief. The court denied the Rule 59(c) motion on April 27, 2010, and appellant now appeals that ruling.

A motion filed under § 3582(c)(2) "is not a civil post-conviction action, but rather a continuation of a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Thus, a defendant cannot employ Rule 60(b) to challenge the district court's denial of § 3582(c) relief. *Id.* (holding that appellant could not use Rule 60(b)(4) to attack the district court's order denying his §3582(c)(2) motion). In short, the district court lacked jurisdiction to entertain appellant's

---

[1] Appellant was sentenced as a career offender under U.S.S.G. § 4B1.1. The Guidelines sentencing range was 292 to 365 months.

motions under Rule 60(b)(6).

AFFIRMED.