[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12891
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:98-cr-00117-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED WAYNE LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 1, 2012)

Before BARKETT, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Alfred Wayne Lee, who is serving a 210-month sentence for possessing a

firearm as a convicted felon, appeals pro se from the district court's denial of his post-judgment motion for an injunction.

Seeking to prohibit prison officials from collecting his DNA pursuant to 42 U.S.C. § 14135a following his conviction, Lee filed a motion in his criminal case purportedly in accordance with Federal Rule of Civil Procedure 65. The district court denied this motion without any explanation. One reason for the denial might have been the district court's lack of jurisdiction to consider the motion given that the Federal Rules of Civil Procedure govern only in civil actions. See Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts"); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that a criminal defendant may not use Federal Rule of Civil Procedure 60(b) to challenge a criminal sentence).

Yet, even if the district court lacked jurisdiction over this motion because of Lee's procedural error, the district court's special obligation to pro se defendants required it "to look behind the label" of the motion "and determine whether the motion [was], in effect, cognizable under a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990). The

2

district court's order does not reflect its effort in this regard.[1]  We therefore vacate the district court's order and remand in order that we may have the benefit of the district court's evaluation of the substance of Lee's motion.

**VACATED** and **REMANDED**.

---

[1] We recognize the possibility that Lee may have intended to file a separate civil suit seeking an injunction.  If the district court construes Lee's motion to reflect this intent, Lee's motion could be denied without prejudice to file a civil action seeking injunctive relief.

3