[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14762
Non-Argument Calendar
_____

D.C. Docket No. 8:05-cr-00044-SCB-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY L. FORD,
a.k.a. BoBo,
a.k.a. Bo,
a.k.a. Big Head,

Defendant-Appellant,

DAVID GEE,
Sheriff of Hillsborough County,

Movant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 14, 2017)

Before JORDAN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Tony Ford, a pro se federal prisoner, appeals the district court's denial of his pro se motion for relief from judgment under Fed. R. Civ. P. 60(d)(3).  Ford also appeals the district court's denial of his two motions for reconsideration of the denial of Rule 60(d)(3) relief.  No reversible error has been shown; we affirm.

We review for abuse of discretion both the denial of a Rule 60(d)(3) motion and the denial of a motion for reconsideration.  Cox Nuclear Pharm., Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007) (Rule 60(d)(3)); Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (motion for reconsideration).

After a jury trial, Ford was convicted of multiple drug-trafficking offenses; he was sentenced to life imprisonment.  Ford's convictions and sentences were affirmed on direct appeal.  Ford later filed a motion to vacate under 28 U.S.C. § 2255, which was denied as untimely.

Ford then sought -- via a Rule 60(d)(3) motion -- to have his criminal judgment set aside based on alleged fraud on the court.  Because Rule 60 applies only to civil cases, however, Ford may not use a Rule 60 motion to challenge his criminal conviction or sentence.  See United States v. Fair, 326 F.3d 1317, 1318

2

(11th Cir. 2003); see also Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions."). The district court abused no discretion in denying Ford's Rule 60(b)(3) motion.

In his motions for reconsideration, Ford reargued the merits of his Rule 60(d)(3) motion, presented evidence that could have been raised before entry of judgment, and demonstrated no manifest error of law or fact. Given this situation, the district court denied properly Ford's motions. See Arthur, 500 F.3d at 1343 ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." (alteration omitted)).

AFFIRMED.