[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14180
Non-Argument Calendar

_____

D.C. Docket Nos. 1:98-cr-00158-KD-M-2,
1:98-cr-00099-KD-S-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS KENYATTA CRAIG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 26, 2019)

Before MARTIN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Cornelius Craig, a federal prisoner serving a total sentence of 931

months' imprisonment for multiple convictions for conspiracy to commit

carjacking, carjacking, and use of a firearm during a crime of violence, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 599 to the Sentencing Guidelines.  The court reasoned that Amendment 599 did not apply to Defendant because he had received a guideline enhancement for causing serious bodily harm, while Amendment 599 addressed a different guideline enhancement for using a weapon during an offense.  On appeal, the Government argues that Defendant's appeal should be dismissed as untimely, and that his appeal fails on the merits in any event.  Because we agree that Defendant failed to file a timely notice of appeal, we need not reach the merits.

We review *de novo* whether an appeal should be dismissed as untimely. *United States v. Llewlyn*, 879 F.3d 1291, 1293–94 (11th Cir.), *cert. denied*, 138 S. Ct. 2585 (2018).  Under Federal Rule of Appellate Procedure 4, a defendant in a criminal case has 14 days from the entry of the judgment or the order being appealed to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A).  The district court may extend the time for filing a notice of appeal for up to 30 days for "excusable neglect or good cause."  Fed. R. App. P. 4(b)(4).  We have no authority to further extend those deadlines.  Fed. R. App. P. 26(b)(1).  Although Rule 4(b)'s time limits are not jurisdictional, we must apply them when, as here, the Government objects to a defendant's untimely notice of appeal.  *United States v. Lopez*, 562 F.3d 1309, 1313–14 (11th Cir. 2009).

2

Here, the Government is correct that Defendant untimely filed his notice of appeal. The district court entered its order on July 27, 2018. Accordingly, Rule 4(b)(1)(A)'s 14-day period for filing a notice of appeal expired on August 10, 2018. A 30-day extension from that date would have given Defendant until September 10, 2018 to file his notice of appeal. Defendant met neither deadline, however, delivering his notice of appeal to prison officials for filing on September 25, 2018, which was 60 days after the court's July 27 order. While Defendant suggests that the longer time period for filing a civil appeal should apply, we reject that contention because § 3582(c)(2) proceedings are "criminal in nature and therefore covered by rules applying to criminal cases, not civil cases." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that a criminal defendant could not use a civil motion to attack alleged deficiencies in a district court's order denying a § 3582(c)(2) motion because "a § 3582(c)(2) motion is not a civil post-conviction action, but rather a continuation of a criminal case").[1] Accordingly, we dismiss this appeal.

**DISMISSED.**

---

[1] Even if Defendant had timely filed a notice of appeal, he has abandoned any challenge to the district court's grounds for denying his motion for a sentence reduction. Rather than arguing that the district court's reasoning was incorrect, he has briefed issues outside the scope of a § 3582(c)(2) proceeding, alleging due process violations and ineffective assistance of counsel. *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (holding that a defendant had abandoned a challenge to the district court's evidentiary ruling by failing to prominently raise his claim).