[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14796

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PETER CHRISTIAN BOULETTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

D.C. Docket No. 2:06-cr-00131-RDP-HNJ-1

_____

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

On October 21, 2020, the district court entered an order denying Peter Boulette's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Under criminal timeliness rules, Boulette had 14 days to file a notice of appeal, *i.e.*, until November 4, 2020. *See* Fed. R. App. P. 4(b)(1); *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (explaining that a motion under 18 U.S.C. § 3582(c)(2) is criminal in nature). The deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). Instead, the filing deadline is considered a claims-processing rule, and the government can waive an objection to an untimely notice of appeal. *Id.* at 1312–13. Nevertheless, if the government raises the issue of timeliness, then we "must apply the time limits of Rule 4(b)." *Id.* at 1313–14.

In its brief, the government argues that this appeal should be dismissed as untimely. Indeed, Boulette's signed notice of appeal is dated December 2, 2020. Absent evidence that Boulette provided his notice of appeal to prison authorities for mailing at an earlier date, the notice of appeal is deemed filed on December 2 and is, therefore, untimely. *See* Fed. R. App. P. 4(c)(1)(A); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). However, in criminal cases, we have customarily treated a late notice

of appeal that is filed within the 30 days during which an extension is permissible as a motion for an extension of time and remanded to the district court for a finding of good cause or excusable neglect.  *See* Fed. R. App. P. 4(b)(4); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983); *United States v. Rothseiden*, 680 F.2d 96, 98 (11th Cir. 1982).

Because Boulette's notice of appeal was filed after the 14-day appeal period but within the next 30 days, we REMAND the case to the district court for the limited purpose of allowing the court to determine whether Boulette has shown excusable neglect or good cause warranting an extension of the appeal period.  Following this limited remand, the record as supplemented will be returned to this Court for further consideration.  We defer ruling on the government's request to dismiss pending the limited remand.