[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11334

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL D. BEITER, JR.,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60202-JIC-1

_____

Before WILSON, JORDAN, and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael D. Beiter, Jr., a federal prisoner proceeding *pro se*, appeals the District Court's denial of his motion to correct, pursuant to Federal Rule of Civil Procedure 15, the record in his criminal proceeding. He argues that the District Court erred when it refused to correct the capitalization of his name in his underlying criminal pleadings from all capital letters to upper- and lower-case letters.

The Government responds by moving for summary affirmance of the District Court's order denying Beiter's motion and argues that Beiter's appeal is frivolous, his Rule 15 motion was inapplicable to his criminal case, and his name was spelled correctly in all the pleadings that he sought to correct.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the

22-11334                Opinion of the Court                3

appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] The latter is true in the instant case.

An action is frivolous if it is without arguable merit in either law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021) (*en banc*).

We have held that the Federal Rules of Civil Procedure apply "unambiguously" only to civil cases and do not apply to criminal cases. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).

Here, we conclude that summary affirmance is appropriate because Beiter's appeal is frivolous. Beiter's underlying pleadings were criminal, so he was unable to obtain relief using the Federal Rules of Civil Procedure. Nevertheless, Beiter's name was spelled correctly throughout the record, and he made no arguments to the contrary. Nor did he cite any relevant authority supporting his argument that writing his name in all capital letters was improper.

Thus, Beiter's appeal is frivolous, and summary affirmance is appropriate. Therefore, we GRANT the government's motion for summary affirmance and DENY as moot its motion to stay the briefing schedule.

**AFFIRMED.**

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981, are binding on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).