[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10293

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODOLFO ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20710-JAL-1

Opinion of the Court                     22-10293

_____

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Rodolfo Ortiz, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under the First Step Act and the denial of his motion for reconsideration,[1] arguing the district court abused its discretion by denying him relief based on his criminal and personal history and characteristics. In its response brief, the Government seeks to dismiss this appeal as untimely.[2]

Ortiz's appeal is untimely as it was filed 27 days after the district court entered its last relevant order. Fed. R. App. P. 4(b)(1)(A)(i) (providing in a criminal case, a defendant must file a notice of appeal within 14 days after entry of the judgment or order being appealed); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (stating a post-judgment motion to reduce a sentence

---

[1] We liberally construe Ortiz's notice of appeal as applying to both of the orders denying his motions. *See United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009) (stating we liberally construe *pro se* filings); *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004) (stating while we generally have jurisdiction to review only judgments or orders specified in an appellant's notice of appeal, we liberally construe notices of appeal "when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced"); *United States v. Grant*, 256 F.3d 1146, 1151 (11th Cir. 2001) (liberally construing a notice of appeal in a criminal matter).

[2] We review *de novo* whether a criminal appeal should be dismissed as untimely. *United States v. Llewlyn*, 879 F.3d 1291, 1293-94 (11th Cir. 2018).

22-10293                Order of the Court                3

under § 3582 is criminal in nature). The district court entered an order denying Ortiz's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on October 1, 2021. Ortiz filed a motion to reconsider 14 days later, on October 15, 2021. The district court entered an order denying Ortiz's motion for reconsideration on December 27, 2021. Ortiz filed his notice of appeal on January 23, 2022. As the Government has objected to the timeliness of Ortiz's notice of appeal, we must apply Rule 4(b). *See United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009) (explaining Rule 4(b)'s deadline is a claims-processing rule and is not jurisdictional, and if the government raises the issue of timeliness we "must apply the time limits of Rule 4(b)").

However, upon a finding of good cause or excusable neglect, a district court may grant a 30-day extension of the 14-day deadline in a criminal case, either "before or after the time has expired, . . . for a period not to exceed 30 days from the expiration of the time otherwise prescribed." Fed. R. App. P. 4(b)(4). In criminal cases, we have customarily treated a late notice of appeal, filed after the 14-day period but within the 30 days during which an extension is permissible, as a motion for extension of time and remanded the case to the district court for the limited purpose of finding good cause or excusable neglect. *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983).

Ortiz signed his notice of appeal within the 30-day period within which the district court could grant an extension. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (stating a

*pro se* prisoner's notice of appeal is deemed filed on the date that he delivers it to prison authorities for mailing). As this Court did in *Ward*, we REMAND the case to the district court for the limited purpose of allowing the court to determine whether Ortiz has shown excusable neglect or good cause warranting an extension of the appeal period.

Following this limited remand, the record as supplemented will be returned for further consideration.[3] We defer ruling on the Government's request to dismiss pending the limited remand.

---

[3] Ortiz has filed a motion to file an out-of-time reply brief. His motion is GRANTED. *See* Fed. R. App. P. 26(b), 31(a)(1); 11th Cir. R. 31-1(a), 31-2(a).