[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13208

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MIGUEL MORALES COLON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:13-cr-60166-WPD-1

_____

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Upon review of the record and the government's motion to dismiss, we conclude that this appeal is untimely.

Miguel Colon seeks review of the district court's December 20, 2023 order denying his motion for a sentence reduction and the July 24, 2024 order denying his motion for reconsideration. Colon's motion for reconsideration, deemed filed on July 16, 2024, did not timely toll the deadline to appeal from the district court's December 20, 2023 order because the motion was not filed within 14 days of that order. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (holding that a motion to reduce a sentence under 18 U.S.C. § 3582(c)(2) is "criminal in nature," and, therefore, is governed by rules applying to criminal cases, not civil cases); *United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992) ("A motion for reconsideration in a criminal case must be filed within the period of time allotted for filing a notice of appeal in order to extend the time for filing the notice of appeal."); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (describing the prison mailbox rule). Even if he had filed a timely tolling motion, the applicable time limit required him to file a notice of appeal by August 7, 2024. *See* Fed. R. App. P. 4(b)(1)(A). His notice of appeal, deemed filed on September 23, 2024, is therefore untimely. *See Jeffries*, 748 F.3d at 1314.

Because the government moves to dismiss the notice of appeal as untimely, we "must apply the time limits of Rule 4(b)." *See United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009) (holding that we must apply Rule 4(b)'s 14-day time limit when the government objects to an untimely notice of appeal). Additionally, because Colon filed his notice of appeal more than 30 days after the expiration of the 14-day appeal period, he is not eligible for relief under Rule 4(b)(4). *See* Fed. R. App. P. 4(b)(4) (providing that, upon a finding of excusable neglect or good cause, the district court may extend the time to file a notice of appeal for up to 30 days); *United States v. Ward*, 696 F.2d 1315, 1317-18 (11th Cir. 1983) (noting that we customarily treat a late notice of appeal, filed within the 30 days during which an extension is permissible, as a motion for extension of time under Rule 4(b)(4) and remand to the district court).

Accordingly, the government's motion to dismiss this appeal as untimely is GRANTED, and this appeal is DISMISSED.