[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10358

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

*versus*

LUIS GONZALEZ-LAUZAN, JR.,
a.k.a. Luisito,
a.k.a. Luis Gonzalez, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 1:02-cr-20572-JIC-1

_____

Before NEWSOM, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Luis Gonzalez-Lauzan, Jr. appeals from the district court's December 4, 2024, order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government filed a motion to dismiss Gonzalez-Lauzan's appeal as untimely.

Under the prison mailbox rule, Gonzalez-Lauzan's notice of appeal is deemed filed on January 28, 2025, the date he signed it. *See* Fed. R. App. P. 4(c)(1) (describing the prison mailbox rule); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that, under the rule, a notice of appeal is deemed filed on the date the prisoner delivered it to prison authorities); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that, absent evidence to the contrary, we assume that a prisoner delivered his notice on the date that he signed it). The deadline to file the notice was December 18, 2024. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing that, in criminal cases, a defendant must file a notice of appeal within 14 days after the entry of the order or judgment being appealed); *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (explaining that sentence reduction motions are "criminal in nature").

The notice is thus untimely to appeal from the December 4, 2024, order. *See* Fed. R. App. P. 4(b)(1)(A)(i). The notice is also deemed filed more than 30 days after the December 18 deadline, so

Gonzalez-Lauzan is not eligible for an extension of time.  *See* Fed. R. App. P. 4(b)(4) (providing that district courts can "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)"); *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009).

Accordingly, because the government raised the issue of timeliness, we must apply Rule 4(b)(1)(A)(i) and dismiss this appeal as untimely.  *See Lopez*, 562 F.3d at 1314.  The motion to dismiss is GRANTED, and this appeal is DISMISSED.  All other pending motions are DENIED as moot.