**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11628

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LORENZO TAYLOR, JR.,
a.k.a. Benzo,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:12-cr-00056-WS-C-1

_____

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Lorenzo Taylor, Jr., proceeding pro se, appeals from the district court's April 9, 2024, order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). As we have already explained, his notice of appeal is deemed filed on May 17, 2024, under the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1) (describing the rule); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that, under the rule, a notice of appeal filed by a pro se prisoner through a prison's mail system is deemed filed on the date that he delivered it to prison authorities for mailing).

The government filed a motion to dismiss. As relevant, the government argued that this appeal is untimely but suggested that remand might be necessary to determine whether Taylor warranted Rule 4(b)(4) relief. We issued an order construing the notice of appeal as a Rule 4(b)(4) motion and remanding the case to the district court to make such a determination. On remand, the district court denied the construed Rule 4(b)(4) motion.

As a result, Taylor's notice of appeal is untimely and, because the government has raised the issue, we must apply the 14-day time limit. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Lopez*, 562 F.3d 1309, 1311-14 (11th Cir. 2009); *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (explaining that motions for sentence reduction are "criminal in nature").

Accordingly, the government's motion to dismiss is GRANTED. This appeal is DISMISSED.