[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11767
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20756-WPD-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON BLANCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 24, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Ramon Blanco appeals the district court's denial of his motion to vacate the

court's prior order denying his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.

In 2008, a jury found Blanco guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; conspiracy to obstruct commerce by means of robbery, in violation of 18 U.S.C. § 1951(a); attempt to obstruct commerce by means of robbery, in violation of 18 U.S.C. §§ 2, 1951(a); conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime, and to possess a firearm in furtherance of such crimes, in violation of 18 U.S.C. § 924(o); and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, and possessing a firearm in furtherance of such crimes, in violation of 18 U.S.C. § 924(c).  The district court sentenced Blanco to a total of 295 months' imprisonment.

On November 10, 2014, Blanco moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which lowered the base offense levels for most drug offenses.  The district court denied the motion on November 13, 2014, stating that, while the amendment had lowered Blanco's advisory guideline range, a sentence reduction was not warranted under

2

the 18 U.S.C. § 3553(a) factors.  On January 14, 2015, Blanco filed a motion "requesting redress" of the order denying his § 3582(c)(2) motion.  The district court denied Blanco's motion, which it construed as a motion for reconsideration.

On April 1, 2015, Blanco filed the *pro se* motion giving rise to the current appeal. Blanco styled the motion as a "Motion Seeking the Court to Vacate a Void Judgment in the Criminal Proceeding Brought Under 18 USC § 3582(c)(2) Based on a Exacerbation of the Criminal History and a Fallacy by the Government to Deny Relief," in which he "move[d] the court to vacate the judgment entered on November 13, 2014" denying his § 3582(c)(2) motion. The district court liberally construed the motion as either a Motion for Reconsideration under Federal Rules of Criminal Procedure 35(a) or a Motion to Vacate under Federal Rules of Civil Procedure 60(b). The court then denied the motion, stating that a motion for reconsideration was untimely and not properly before the court, and that Rule 60(b) of the Federal Rules of Civil Procedure was inapplicable to this criminal proceeding. This appeal followed.  On appeal, Blanco argues that the district court abused its discretion in denying his motion to vacate.

We review *de novo* a district court's legal conclusions regarding the scope of its authority under § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).

3

The analysis in this case turns on whether Blanco's April 1 motion is construed as a Motion for Reconsideration under the Federal Rules of Criminal Procedure or a Motion to Vacate under the Federal Rules of Civil Procedure. But the result is the same either way. Neither of these procedural devices offers relief.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A district court may only modify a term of imprisonment when one of three conditions are met: (1) the Director of the Bureau of Prisons has filed a motion to reduce sentence and other conditions are met; (2) another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). This case concerns only the second of those conditions. Federal Rule of Criminal Procedure 35(a) provides that, within 14 days after sentencing, a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). In *Phillips*, we held that a § 3582(c)(2) proceeding wherein a sentence is modified is a "sentencing" for the purposes of Rule 35(a). 597 F.3d at 1197-98. In *United States v. Anderson*, 772 F.3d 662 (11th Cir. 2014), we held that the reasoning in *Phillips* "also extends to cases in which a district court denies a defendant's § 3582(c)(2)

4

motion on the merits after considering the § 3553(a) factors." *Id.* 667. In such a case, "the district court's authority to consider a defendant's successive motion is likewise limited in this circumstance to Rule 35's fourteen-day time limitation." *Id.*

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons. That Rule, however, does not provide for relief from a judgment in a criminal case. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Thus, we have held that Rule 60(b)(4), providing for relief from a judgment on the ground that the judgment is void, is not available to a defendant challenging his sentence under § 3582(c)(2), because a § 3582(c)(2) motion is a continuation of a criminal case and not a civil post-conviction action. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).

Here, the district court properly concluded that it lacked authority to consider Blanco's April 1 motion to vacate its prior order denying his § 3582(c)(2) motion. To the extent Blanco sought to vacate or void the order denying his § 3582(c)(2) motion pursuant to Federal Rule of Civil Procedure 60(b), Rule 60(b) does not provide for relief from denial of a § 3582(c)(2) motion. *See Fair*, 326 F.3d at 1318; *Mosavi*, 138 F.3d at 1366. To the extent Blanco's April 1 motion should be considered a motion to reconsider, his motion was subject to Federal Rule of Criminal Procedure 35(a)'s 14-day time limitation, due to the district

5

court's denial of his § 3582(c)(2) motion on the merits, and was untimely. *See*

*Anderson*, 772 F.3d at 666-67; Fed. R. Crim. P. 35(a).

**AFFIRMED.**