[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14932
Non-Argument Calendar

_____

D.C. Docket No. 3:02-cr-00093-LC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMER FOSTER,
a.k.a. Yitte,
a.k.a. Pimp,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 25, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Homer Marterius Foster, II, proceeding pro se, appeals the district court's

denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2),

based on Amendments 782 and 788 to the Sentencing Guidelines. On appeal, Foster argues that, although he was a career offender, the career offender base offense level was otherwise lower than his calculated base offense level, and thus, he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the sentencing commission. After careful review, we affirm.

Proceedings under § 3582(c)(2) are criminal in nature and covered by the rules applying to criminal cases. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003). In a criminal case, a defendant must file a notice of appeal within 14 days following entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A). A pro se prisoner's filing is deemed filed on the date that the prisoner delivers it to prison authorities for mailing, and, absent evidence to the contrary, we will assume that a prisoner's filing was delivered to prison authorities the day he signed it. Fed. R. App. P. 4(c)(1); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012). However, the deadline in Fed. R. App. P. 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional. United States v. Lopez, 562 F.3d 1309, 1311-13 (11th Cir. 2009). Instead, Rule 4(b)(1)(A)'s filing deadline is considered a claims processing rule, and the government can waive an objection to an untimely notice of appeal in a criminal case. Id. at 1312-13. Nevertheless, if

the government raises the issue of timeliness, then we "must apply the time limits of Rule 4(b)." Id. at 1314.

This Court may not extend the time to file an appeal except as authorized in Rule 4. Fed. R. App. P. 26(b)(1). Under Rule 4(b)(4), a district court may grant an extension of time to appeal for up to 30 days following the expiration of the initial appeal period based on a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). If a notice of appeal is late, but still filed within the additional 30-day period during which an extension would have been permissible under Rule 4(b)(4), this Court has customarily treated the late notice as a motion for extension of time and remanded to the district court for a determination of whether the appellant is entitled to such relief based on good cause or excusable neglect. See United States v. Ward, 696 F.2d 1315, 1317-18 (11th Cir. 1983).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. Id. When the district court considers a § 3582(c)(2) motion, it must first recalculate the guidelines range under the amended guidelines. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). When recalculating the guidelines range, it can only substitute the amended guideline and must keep intact all other

3

guidelines decisions made during the original sentencing. Id. A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guidelines range that was calculated by the sentencing court prior to any departure or variance. U.S.S.G. § 1B1.10, comment. (n.1(A)).

Amendment 782 provides a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, amend. 782. Amendment 782 was made retroactive by Amendment 788. Id. App. C, amend. 788. A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guidelines amendment reduces his base offense level but does not alter the guidelines range upon which his sentence was based. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). Specifically, when a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guidelines range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1. United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012). Because an amendment to § 2D1.1 does not affect a career offender's guidelines range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to that guideline. Id. (affirming the denial of a sentence reduction under Amendment 750 to the Sentencing Guidelines).

Here, Foster did not file his notice of appeal within the 14-day window required by Fed. R. App. P. 4(b)(1)(A), although he did file it within the 30-day window in which an extension would have been permissible under Rule 4(b)(4). However, it is unnecessary for us to remand to the district court for a determination of whether he is entitled to such relief based on good cause or excusable neglect. As the record plainly shows, Amendment 782 did not affect Foster's guidelines range. Foster's total offense level and guidelines range were determined by the career-offender guideline in § 4B1.1, not § 2D1.1. While Foster incorrectly asserts that his career offender designation did not impact his guideline range, he does not deny that he was designated a career offender. Therefore, the district court correctly concluded that Foster was ineligible for a sentence reduction based on Amendment 782.

**AFFIRMED**.