[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10436
Non-Argument Calendar

_____

D.C. Docket No. 2:96-cr-14005-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN G. HUNT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 31, 2016)

Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Kevin Hunt, a federal prisoner proceeding *pro se*, appeals the district court's denial of his March 2015 Rule 60(b) motion, which the district court construed as a motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), the denial of his October 2015 motion for a reduced sentence, and the denial of his December 2015 motion for a reduced sentence.

I.

On appeal, Hunt argues that the district court improperly construed his first motion, nominally a Rule 60(b) motion, as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The government, however, argues that Hunt's appeal is untimely for the district court's November 2015 order, which dismissed Hunt's first and second motions. Hunt asserts that his appeal is not untimely because he received no notice of the district court's final order until 21 January 2016 and that his appeal was timely filed for that date.

We typically review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

2

We review *de novo* a district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009). Furthermore, we review jurisdictional issues, like whether an appeal is timely, *de novo*. *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

Proceedings under 18 U.S.C. § 3582(c)(2) are criminal in nature. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). So, a criminal defendant appealing the denial of his § 3582(c)(2) motion must file the notice of appeal in the district court no later than 14 days after the challenged order is entered on the docket. Fed. R. App. P. 4(b)(1)(A)(i). The deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is not jurisdictional, and the government can waive an objection to an untimely notice of appeal. *Lopez*, 562 F.3d at 1312-13. Nevertheless, if the government properly advances the issue of timeliness, then "we must apply the time limits of Rule 4(b)." *Id*. at 1313-14.

A notice of appeal filed by a *pro se* prisoner is deemed filed on the date when the prisoner delivers it to prison authorities or places it in the prison mail system. Fed. R. App. P. 4(c)(1). Absent contrary evidence, we will assume that a prisoner delivered a filing to prison authorities on the day the prisoner signed it. *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (applying the prisoner mailbox rule in the context of a motion to vacate). Except as provided in

3

Federal Rule of Appellate Procedure 4(b), the clerk's failure to give notice of an order does not affect the time to appeal or relieve a party's failure to appeal within the allowed time.  Fed. R. Crim. P. 49(c).  And a Rule 4(b) extension was unavailable here:  notice of appeal filed outside of permissible extension period. We may not extend the time to file an appeal, except as authorized in Rule 4.  Fed. R. App. P. 26(b)(1).

The district court did not err in construing Hunt's Rule 60(b) motion -- which raised sentencing issues -- as a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2).  Rule 60(b) could offer no relief in a case like this one: the motion raised a merits-based issue, attacking Hunt's criminal sentence.  *See Fair*, 326 F.3d at 1318.  Therefore, both Hunt's first and second motions were criminal in nature, giving him 14 days to file his appeal timely.  *See id.*; Fed. R. Crim. P. 4(b)(1)(A)(i).  Timeliness in a criminal case is not jurisdictional: but when the government raises the issues of timeliness, we must enforce it.  *See Lopez*, 562 F.3d at 1312-13.  Here, Hunt delivered his notice of appeal to prison authorities on 28 January 2016 -- well past  the 14-day requirement.  Therefore, we dismiss his appeal, on the district court's November 2015 order, as untimely.

II.

Hunt also argues that the district court erred in denying his third motion -- basically a duplication of his earlier efforts -- for a reduced sentence, filed under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 599 of the sentencing guidelines.  He asserts that he is impermissibly subject to a five-year increase in his sentence because he received a five-year enhancement to his maximum term of imprisonment for bank robbery for using a firearm and he received a five-year consecutive sentence under 18 U.S.C. § 924(c), for the same firearm conduct. Hunt argues that this is the same kind of double-counting prohibited under Amendment 599.  Hunt also notes that his career offender guideline level was determined, in part, by the statutory maximum for armed bank robbery and contends that he was impermissibly sentenced above the maximum sentence permitted for that offense.

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2).  *Davis,* 587 F.3d at 1303.  Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).  "The

5

purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines." *United States v. Liberse*, 688 F.3d 1198, 1201 (11th Cir. 2012) (quotation omitted).  Still, because a § 3582(c)(2) proceeding is not a *de novo* resentencing, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original).

"The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are quite narrow." *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  For a defendant to be eligible for such a reduction, the Sentencing Commission must have amended the Sentencing Guidelines, that amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d).  *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)).  But a reduction under § 3582(c)(2) is not authorized if an amendment does not lower the applicable guideline range because of the operation of another guideline or statutory provision.  U.S.S.G. 1B1.10, comment. (n.1(A)).

Amendment 599 may serve, when applicable, as the basis for a sentence reduction.  *See* U.S.S.G. § 1B.10(d).  Amendment 599 took effect on November 1, 2000.  U.S.S.G. App. C, Amend. 599.  Amendment 599 provides, in pertinent part,

6

that where a defendant is convicted of an 18 U.S.C. § 924(c) offense for using a firearm during and in relation to a crime of violence or a drug trafficking crime, the defendant cannot also receive a base offense level guideline enhancement in the underlying offense for his use of a firearm during the commission of that offense. *Id.*; *see also United States v. Brown*, 332 F.3d 1341, 1344–45 (11th Cir. 2003). "Amendment 599 was enacted in order to clarify under what circumstances a weapons enhancement may properly be applied to an underlying offense," when a defendant was also convicted under 18 U.S.C. § 924(c); and it was adopted to prevent duplicative punishment for the use of firearms in one criminal event. *United States v. Pringle*, 350 F.3d 1172, 1179-80 (11th Cir. 2003).

The district court was correct in concluding that Amendment 599 was inapplicable to Hunt because the Amendment did not lower Hunt's guideline range. Amendment 599 applies to sentencing guidelines enhancements and does not impact on a statutorily enhanced maximum sentence. *See* U.S.S.G. App. C, Amend. 599. Hunt was sentenced as a career offender and did not receive a weapons guidelines enhancement that would be impacted by Amendment 599. *See id.* Amendment 599 did not give the district court discretion to determine whether a maximum sentence was incorrectly decided, because maximum sentences are not amended guideline ranges and § 3582(c)(2) proceedings are not *de novo* resentencing hearings. *See* 18 U.S.C. § 3582(c)(2); *see also Bravo*, 203 F.3d at

7

781.  The district court lacked the discretion to reconsider Hunt's maximum sentence or whether Hunt's consecutive sentence under 18 U.S.C. § 924(c) constituted impermissible double-counting.  *Id*.  Therefore, we affirm the denial.

**DISMISSED IN PART, AFFIRMED IN PART.**