[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12971
Non-Argument Calendar

_____

D.C. Docket No. 1:84-cr-00499-JIC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO LUIS RENE MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2021)

Before MARTIN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Martinez, proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), and his subsequent motion for reconsideration. He argues that the district court erred in denying his motion for compassionate release because it was not bound by the policy statement from U.S.S.G. § 1B1.13, his medical history made him more vulnerable to COVID-19, and it placed improper weight on his 36-year-old attempted murder conviction. He also argues that the district court erred in denying reconsideration because he was not told when his reply to the government's response was due and the district court could not have fully considered his reply and its exhibits when it denied his motion for reconsideration the day after the motion was filed. Finally, he argues that the district court violated the prison mailbox rule because the docket shows the dates for when his filings were entered and not when they were mailed.[1]

We review for abuse of discretion the district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion, *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021), and the denial of a motion for reconsideration, *United States v.*

---

[1] Martinez has moved for the appointment of counsel. Because he lacks a statutory or constitutional right to counsel in this proceeding, *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009), and as this appeal is relatively straightforward, the interests of justice do not require that he be appointed counsel, *id.* at 795 n.4; 18 U.S.C. § 3006A(a)(2). Therefore, his motion is **DENIED.**

*Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).  A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).  Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had we been in the district court's position. *United States v. Frazier*, 387 F.3d. 1244, 1259 (11th Cir. 2004) (*en banc*).  We will liberally construe *pro se* filings.  *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

"[A] motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure."  *United States v. Vicaria*, 963 F.2d 1412, 1413 (11th Cir. 1992); *see also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (explaining that, in a proceeding to challenge a sentence under 18 U.S.C. § 3582(c)(2), a defendant could not file a motion for reconsideration based on Fed. R. Civ. P. 60(b)(4)).  In civil cases, a party cannot use a motion for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

3

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015).  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), after considering the factors set forth in 18 U.S.C. § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction.  18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002, to Dec. 20, 2018).  The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).  We have clarified that exhaustion is a non-jurisdictional claims-processing rule.  *Harris*, 989 F.3d at 911.  The district court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).

4

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See id.* § 1B1.13 & comment. (n.1). The policy statements list four circumstances which may constitute extraordinary and compelling reasons: (1) a prisoner's medical condition, if he has a terminal disease or is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison; (2) a prisoner's age, if he is at least 65 years old, is experiencing a significant decline in health because of his age, and has served at least 10 years or 75 percent of his term; (3) if a prisoner becomes the only potential caregiver for a minor child or spouse; and (4) if, "[a]s determined by the Director of the BOP, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other three reasons. *See id.*

We recently determined that § 1B1.13 is still an applicable policy statement that must be considered when a defendant moves for compassionate release. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. May 7, 2021). Thus,

5

"district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *Id.* As for § 1B1.13's catch-all provision, we determined that we "cannot replace the phrase '[a]s determined by the Director of the [BOP]' with 'as determined by a district court,'" and accordingly, courts may not "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1263.

In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), a defendant "must be given notice of and an opportunity to contest new information relied on by the district court." *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (quotation marks omitted), *abrogated on other grounds by* Amendment 780. Some district court errors may be harmless. Fed. R. Crim. P. 52(a).

The district court did not abuse its discretion when it denied Martinez's motion for compassionate release because it lacked authority to grant the motion. As we determined in *Bryant*, the district court was bound by the policy statement from § 1B1.13. Martinez did not establish that he was eligible under § 1B1.13's first three circumstances, because there was no evidence that he suffered from a terminal disease, lacked the ability to self-care, had a significant decline in health

6

because of his age, or was the only caregiver for a minor child or spouse. The district court was without authority to apply the catchall provision by itself. Thus, the district court did not misapply the law or otherwise abuse its discretion. Because the district court acted properly under § 1B1.13, we need not address its alternative reasons for denying the motion.[2]

As to the remaining issues, Martinez incorrectly argues that the district court erred by not telling him when his reply was due and by not giving his reply enough weight. Martinez was only entitled to contest new information that the district court relied on, but the government did not provide any new information in its response, and the information that the district court did rely on when denying the motion was from Martinez's motion or the previously-existing presentence investigation report. Therefore, the district court did not misapply any legal standards by denying his motion without originally considering his reply.

Further, the district court stated that it had reviewed Martinez's reply, found that it did not justify reconsideration, and treated it as if it had been timely filed, rendering any potential error harmless. Contrary to Martinez's argument, there is no requirement that the district court must wait a certain period of time before

---

[2] We do not consider the medical records that Martinez submitted with his reply brief because they are not in the appellate record. *See United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020) (noting that we generally will not consider evidence that is not part of the record).

ruling on a motion, so the fact that the district court denied his motion to reconsider the day after receiving it is immaterial, especially when it is clear that the district court did consider his arguments and exhibits. In any event, Martinez failed to explain why he did not submit the exhibits from his reply, which were all previously available, along with his original motion, so the district court did not abuse its discretion in denying reconsideration. Finally, to the extent that Martinez has argued that the district court violated the prison mailbox rule, other than his reply, which he acknowledges was untimely, timeliness was never at issue. Thus, any error would be harmless.

Accordingly, we affirm.

**AFFIRMED.**