[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11297
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60262-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 18, 2017)

Before MARCUS, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant David Cilla appeals his 180-month sentence, imposed after pleading guilty to being a felon in possession of a firearm and ammunition.  On appeal, he challenges the enhancement he received pursuant to the Armed Career Criminal Act ("ACCA").  The Government argues that Defendant's appeal is barred by his sentence-appeal waiver.  Because we conclude that Defendant's challenge to the ACCA enhancement falls within an exception to his appeal waiver, we address the merits of his claim.  After careful review, we affirm his 180-month sentence.

## I.    BACKGROUND

In October 2012, officers obtained permission from Defendant to search a freight container located in the backyard of his home.  The search uncovered items that may have been used to grow marijuana.  When officers asked to search his home, Defendant consented and told officers that he had a firearm in the kitchen.  During the search of the home, officers located, among other things, several firearms, ammunition, a bullet-proof vest, a baggie of marijuana, and a baggie of cocaine.

A federal grand jury subsequently charged Defendant with:  (1) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) ("Count 1"); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1), (b)(1)(C) ("Count 2"); and (3) possession of a firearm in

2

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 3").

Defendant later pled guilty to Count 1 pursuant to a written plea agreement and, in exchange, the Government agreed to dismiss Counts 2 and 3. The plea agreement stated that Defendant understood the district court must impose a minimum sentence of 15 years' imprisonment and may impose a statutory maximum of life imprisonment. The plea agreement also contained a sentence appeal waiver, which stated that:

> The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

3

At the change-of-plea hearing, the district court questioned Defendant about the sentence-appeal waiver and Defendant acknowledged that he was waiving his right to appeal his sentence.

In anticipation of sentencing, the probation officer prepared a Presentence Investigation Report. The PSR assigned Defendant a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because Defendant committed the instant offense subsequent to sustaining at least one felony conviction for a controlled substance offense. Because the probation officer determined that Defendant was an armed career criminal under U.S.S.G. § 4B1.4(a), Defendant's offense level was increased to 33. The armed career criminal designation was based on several Florida serious drug convictions, including a conviction for delivery of cocaine in 2000, a conviction for possession of cocaine with intent to deliver in 2001, three convictions for delivery of cocaine in 2008, and one conviction for possession with intent to deliver cocaine in 2008. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 30.

Based on a total offense level of 30 and a criminal history category of VI, Defendant's guideline range was 168 to 210 months' imprisonment. However, because the ACCA enhancement required a mandatory minimum of 15 years' imprisonment, Defendant's guideline range became 180 to 210 months' imprisonment, pursuant to U.S.S.G. § 5G1.1(c)(2).

4

The district court sentenced Defendant to the mandatory minimum of 180 months' imprisonment. Defendant did not file a timely notice of appeal. Defendant later filed a 28 U.S.C. § 2255 motion, alleging in relevant part that his trial counsel was ineffective for failing to file a notice of appeal. Following an evidentiary hearing, the district court granted Defendant's § 2255 motion as to his contention that trial counsel had been ineffective for failing to file a notice of appeal. The district court vacated the sentence for the purpose of re-imposing it to allow Defendant an opportunity to appeal.

At the resentencing hearing, Defendant confirmed that he did not have any objections to the PSR. The district court thereafter re-imposed the 180-month sentence. This appeal followed.

## II.    DISCUSSION

Defendant argues that his ACCA-enhanced sentence is unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government counters that we should dismiss Defendant's appeal because he waived his right to appeal his sentence. We address the Government's argument first, and then turn to the merits of Defendant's appeal.

### A.    Sentence Appeal Waiver

Defendant acknowledges that his plea agreement contained a sentence-appeal waiver, but argues that his *Johnson* argument falls within the exception to

the appeal waiver that allows him to appeal a sentence in excess of what the law permits.

We review the validity of a sentence-appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We will enforce such a waiver if it was entered into knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). To establish that a waiver was both knowing and voluntary, the Government must demonstrate that: (1) the district court specifically questioned the defendant about the appeal waiver during the plea colloquy or (2) the record makes clear that the defendant understood the full significance of the waiver. *Id.* at 1351.

Here, Defendant's sentence-appeal waiver is enforceable because it was entered into knowingly and voluntarily. The district court specifically questioned Defendant about the waiver during the plea colloquy. Nevertheless, the appeal waiver contained three exceptions, one of which provided that Defendant could appeal his sentence if it exceeded the maximum length permitted by statute. An appeal waiver does not bar a claim challenging an ACCA enhancement where the defendant reserved the right to appeal a sentence in excess of the statutory maximum and the ACCA enhancement increases that maximum. *See United States v. Jones*, 743 F.3d 826, 828 n.2 (11th Cir. 2014) (referencing with approval a prior denial of the Government's motion to dismiss the defendant's appeal of the

6

district court's application of the ACCA enhancement based on an appeal waiver that permitted an appeal of a sentence in excess of the statutory maximum).  In *Jones*, the defendant would have faced a statutory maximum of only 10 years' imprisonment without the ACCA enhancement, meaning that, if improperly applied, Defendant's 15-year sentence under the ACCA was a sentence "in excess of the statutory maximum" and thus the defendant's challenge to that enhancement fell within the exception to the appeal waiver.  *Id.*

Here, Defendant's appeal waiver permitted him to appeal a sentence in excess of the statutory maximum.  The statutory maximum sentence for a § 922(g) offense is 10 years' imprisonment.  *See* 18 U.S.C. §§ 922(g), 924(a)(2).  Defendant argues on appeal that the district court improperly sentenced him to 15 years' imprisonment as an armed career criminal and that, as a result, he received a sentence greater than the law permits.  Because Defendant's 15-year sentence exceeds the statutory maximum of what the law permits without application of the ACCA enhancement, Defendant's challenge falls within the appeal waiver's exception for appealing a sentence allegedly in excess of the statutory maximum. *See Jones*, 743 F.3d at 828 n.2.  Accordingly, we conclude that Defendant's argument is not barred by the appeal waiver, and we now turn to the merits of his appeal.

7

### B.    ACCA Enhancement

We review *de novo* whether a prior conviction qualifies as a predicate offense under the ACCA. *See United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009) (considering whether a prior conviction was a serious drug offense under the ACCA). Because Defendant challenges his ACCA enhancement for the first time on appeal, our review is limited to plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013).

Pursuant to the ACCA, a defendant convicted of being a felon in possession of a firearm who has 3 or more prior convictions for a serious drug offense or a violent felony faces a mandatory minimum of 15 years' imprisonment. *See* 18 U.S.C. § 922(g)(1), 924(e)(1). The ACCA defines serious drug offense as "an offense under State law, involving manufacturing, distributing, possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). In *Johnson*, the Supreme Court held that the residual clause of the ACCA's definition of violent felony is unconstitutionally vague. *See*

8

*Johnson*, 135 S. Ct. at 2563.  Because that decision addressed only the statute's definition of a violent felony, it has no impact on the ACCA's definition of a serious drug offense.  *See generally id.*

Defendant asserts that the district court did not conduct the proper analysis under *Johnson* to determine whether his predicate offenses qualified for ACCA status based on the now-voided residual clause.  Defendant's argument is wholly without merit, as his designation as an armed career criminal was not based on the residual clause, but instead upon his having three prior convictions for serious drug offenses.  The PSR—which was not objected to—stated that Defendant qualified for the ACCA enhancement based upon six prior convictions for either delivery of cocaine or possession with intent to deliver cocaine, all of which qualify as serious drug offenses under the ACCA.  *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (concluding that a conviction under Fla. Stat. § 893.13(1) for the sale, delivery, or possession with intent to sell a controlled substance is a serious drug offense under the ACCA).  Because Defendant had at least three prior convictions constituting serious drug offenses under the ACCA, the district court did not err by sentencing him as an armed career criminal.[1]

Accordingly, Defendant's sentence is **AFFIRMED**.

---

[1]  To the extent that Defendant also challenges the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, we do not address those arguments, as this appeal does not concern the denial of Defendant's § 3582(c)(2) motion.