[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13248

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID CILLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:12-cr-60262-KAM-1

_____

Before JILL PRYOR, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant David Cilla, a federal prisoner at FTC Oklahoma City, appeals the district court's denial of his *pro se* motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). We discern no error in the district court's order denying Defendant's motion, and thus affirm.

## BACKGROUND

Defendant was indicted in 2012 on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He pleaded guilty to the felon in possession of a firearm offense pursuant to a plea agreement in which the Government agreed to dismiss the remaining counts. Following a hearing, the district court accepted Defendant's guilty plea.

According to his presentence investigation report ("PSR"), Defendant was arrested and charged with the above crimes after police officers obtained his consent to search a freight container in his backyard. During their search, the officers found items in the container suggesting that it had been used to grow marijuana. Defendant subsequently consented to a search of his house, where the

officers discovered a loaded gun, a small digital scale, a baggie of cocaine and several other small baggies, a bulletproof vest, and a cocaine press. The officers later noticed a loose tile under an area rug, which opened to an inground safe that contained additional firearms, ammunition, another baggie of cocaine, a baggie of marijuana, narcotics in a prescription bottle, and Defendant's passport and W-2 forms. Defendant had been convicted of at least one felony prior to the search, and his right to possess firearms and ammunition had not been restored.

The PSR assigned Defendant a total offense level of 30, and a criminal history category of VI based on a long string of prior convictions for multiple burglaries, theft, fraud, and numerous drug charges, among other offenses, yielding a guidelines range of 168 to 210 months in prison. A mandatory minimum sentence applicable under 18 U.S.C. § 924(e) raised the range to 180 to 210 months. The district court accepted the recommendations made in the PSR and sentenced Defendant to 180 months. This Court affirmed Defendant's conviction and sentence on direct appeal. *See United States v. Cilla*, 712 F. App'x 880 (11th Cir. 2017).

Defendant filed the *pro se* motion for compassionate release at issue in this appeal in March 2021, while incarcerated at USP Thomson in Illinois. In support of his motion, Defendant argued that he was entitled to be released pursuant to 18 U.S.C. § 3582(c)(1)(A). That provision authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and if the defendant's release is

consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines policy statements.    *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]    According to Defendant, those requirements are met in this case because his chronic bronchitis, asthma, premature ventricular complex (a heart condition), and history of respiratory illness pose a serious risk of illness should he remain incarcerated during the COVID-19 pandemic.    In addition, Defendant claims he is entitled to compassionate release because of his unusually long sentence, his "extraordinary rehabilitation" efforts while incarcerated, and his need to care for his cousin, who has cerebral palsy.

The district court entered an order on May 25, 2021 denying Defendant's motion for compassionate release.    First, the court concluded that Defendant had not demonstrated an extraordinary and compelling reason to reduce or modify his sentence.    Specifically, the court found no evidence to show that Defendant suffered from a condition that "substantially diminish[ed]" his ability to provide self-care while incarcerated, as required by the applicable Guidelines policy statement.    According to the court, being housed in a prison where people were infected with COVID-19 did not satisfy that criteria.    As to Defendant's increased risk of becoming seriously ill from COVID-19, the court found it significant that

---

[1]  A sentence reduction is also permitted by § 3582(c)(1)(A) under certain circumstances if the defendant is 70 years old or older and has served at least 30 years in prison, but those conditions are not met in this case.  *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Defendant had tested positive for, and successfully recovered from, the virus and that he had received his second dose of the Moderna vaccination in March 2021, both of which decreased Defendant's likelihood of contracting the virus a second time or becoming seriously ill from it.

As an alternative ground for denying Defendant's motion for compassionate release, the district court stated in its order that the § 3553(a) sentencing factors weighed against Defendant's early release. In the court's judgment, Defendant's release from custody "would not reflect the seriousness of [his] offense, provide just punishment or provide adequate individual or general deterrence." For this additional reason, the court denied Defendant's motion.

The district court's order denying Defendant's motion appeared on the docket on May 25, 2021, the day the order was entered. Defendant did not file a notice of appeal from the order in the district court within fourteen days of its entry (by June 8, 2021), as required by Rule 4(b) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4(b)(1)(A)(i).[2]

---

[2] A motion to reduce a sentence under 18 U.S.C. § 3582(c) is criminal in nature. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Accordingly, an appeal concerning such a motion is governed by Rule 4(b) of the Federal Rules of Appellate Procedure. As noted, the district court entered its order denying Defendant's motion for compassionate release on May 25, 2021, meaning that Defendant's notice of appeal as to the order was due on June 8, 2021. *See id.*

Defendant was transferred to USP Canaan in Pennsylvania on July 1, 2021, and he claims he remained in a transfer status until July 26, 2021.  On August 26, 2021, Defendant submitted through the USP Canaan prison mail an inquiry to the district court concerning the status of his motion for compassionate release.  The inquiry was docketed on August 31, 2021. Defendant subsequently delivered to prison officials for mailing a *pro se* notice of appeal as to the court's order denying his motion for compassionate release.  The notice was delivered on September 13, 2021 and docketed on September 22, 2021.

In his briefing on appeal, Defendant argues that the district court erred by:  (1) concluding that his health conditions did not constitute an extraordinary and compelling reason for his early reason given the COVID-19 pandemic, (2) failing to consider his cousin's condition and need for care, and (3) disregarding his rehabilitative efforts in prison, the fact that he has served 65% of his sentence, and the fact that his firearm offense was a "victimless" crime.  Defendant acknowledges that his notice of appeal was late because it was not filed within fourteen days of the May 25, 2021 order denying his motion for compassionate release.  Indeed, Defendant filed the notice of appeal on September 13, 2021, approximately three months after the due date imposed by Rule 4(b).  However, Defendant claims the delay was due to the "extraordinary circumstances of his prior prison withholding his mail and his transfer" from USP Thomson to USP Canaan.

The Government's argument is two-fold. It argues that Defendant's appeal is untimely but that even if timely, the appeal is without merit. As to the timeliness issue, the district court's order denying Defendant's motion for compassionate release was entered on May 25, 2021, which the Government says means that his notice of appeal was due by June 8, 2021. *See* Fed. R. 4(b)(1)(A)(i). The Government further notes that Defendant has produced no evidence to substantiate his mail-withholding claim or his allegation that he received late notice of the district court's May 25 order because of issues related to his transfer from USP Thomson to USP Canaan.

At any rate, we are not required to decide the timeliness issues raised in this case. Like the Government, we assume for purposes of this case that an appeal of an order denying a criminal defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c) is subject to the same time deadlines as any other appeal of a criminal judgment. *See United States v. Fair*, 326 F.3d 1317, 1317-18 (11th Cir. 2003) (noting that "every circuit court which has addressed § 3582(c)(2) has determined that it is criminal in nature and therefore covered by rules applying to criminal cases, not civil cases.") *Id.* at 1318. Yet, "the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case is . . . not jurisdictional" but rather a "claims processing rule." *United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009). And as Defendant's appeal so clearly fails on the merits, we affirm the district court's decision denying his motion for compassionate release on that ground.

## DISCUSSION

### I.    Standard of Review

We review *de novo* whether a defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c).  *See United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).  Once eligibility is established, we review the denial of a defendant's motion for a sentence reduction pursuant to § 3582(c) under the abuse of discretion standard.  *See id.*  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)).  The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make."  *See id.* at 912 (quotation marks omitted).

### II.    Defendant's Compassionate Release Motion

As amended by the First Step Act, 18 U.S.C. § 3582(c) authorizes a sentence reduction if the district court finds that: (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is consistent with the § 3553(a) sentencing factors and the "policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  The applicable policy statement, found in USSG § 1B1.13, echoes the statutory requirements, stating that

a district court may reduce a defendant's sentence "if, after considering the factors set forth in . . . § 3553(a)," the court determines that: (1) "[e]xtraordinary and compelling reasons warrant the reduction" and (2) "[t]the [d]efendant is not a danger to the safety of any other person or to the community, as provided in . . . § 3142(g)." U.S.S.G. § 1B1.13. *See also United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that "§ 1B1.13 is an applicable policy statement for all [18 U.S.C. § 3582(c)(1)(A)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three necessary conditions for a sentence reduction under § 3582(c): support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement).

The district court denied Defendant's § 3582(c) motion for two reasons. First, the court found that Defendant had failed to show extraordinary and compelling reasons for his release. Alternatively, the court determined that the § 3553(a) sentencing factors militated against Defendant's release. Either ground is adequate to support the district court's decision to deny Defendant's § 3582(c) motion.

As to the first ground, Defendant had the burden of establishing his entitlement to early release under § 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). We agree with the district court that Defendant failed to meet that burden

here.  Specifically, Defendant did not provide adequate support for the claim that his medical conditions satisfy the extraordinary and compelling reason standard and thus justify his release from prison. The relevant policy statement provides that a defendant's medical condition is an extraordinary and compelling reason for a sentence reduction if the defendant:  (1) has a terminal illness such as cancer, ALS, or end-stage organ disease, or (2) suffers from a serious physical or mental condition that "substantially diminishes" his ability "to provide self-care" in prison and from which he is not expected to recover.  U.S.S.G. § 1B1.13 cmt. n.1(A).

Defendant states that he has chronic bronchitis, asthma, premature ventricular complex (a heart condition), and history of respiratory illness.  But he makes no attempt to show that any of these conditions are terminal or that they substantially diminish his ability to provide self-care in prison.  As to Defendant's risk of serious illness should he remain incarcerated during the COVID-19 pandemic, it is undisputed that Defendant has already tested positive and recovered from COVID-19 and that he has been fully vaccinated against the virus, significantly reducing the risk.  The district court thus correctly determined that Defendant did not meet the standard for early release set out in the applicable policy statement of U.S.S.G. § 1B1.13.  *See Bryant*, 996 F.3d at 1248.

Defendant also cites his rehabilitative efforts and the need for him to provide care for his cousin with cerebral palsy as reasons for his early release.  However, the relevant provision of the Guidelines expressly states that "rehabilitation of the defendant is not, by

itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3. Family circumstances can in certain cases constitute an extraordinary and compelling reason for a defendant's early release, but only when the death or incapacitation of a defendant's minor child or spouse is involved. *See* U.S.S.G. § 1B1.13 cmt. n.1(C). Defendant's alleged need to care for his cousin does not qualify. *See id.*

Defendant's failure to demonstrate an extraordinary and compelling reason for his early release is enough, in and of itself, to foreclose a sentence reduction under § 3582(c). *See Giron*, 15 F.4th at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public."). But the district court also held, in the alternative, that Defendant's release was not consistent with the § 3553(a) factors. That holding was within the district court's discretion, particularly given Defendant's lengthy criminal history recited above and his continued misconduct while incarcerated, as evidenced by Defendant's prison disciplinary record.[3] *See United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (noting that "discretion in weighing sentencing factors is particularly pronounced when it comes to weighing criminal history").

---

[3] Defendant's prison disciplinary record shows that he has been sanctioned for fighting with another person, destroying property, disruptive conduct, and assault, among other infractions.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order denying Defendant's motion under § 3582(c) motion for compassionate release.