[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

————————————

No. 22-11978

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL D. BEITER, JR.,

Defendant- Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60202-JIC-1

————————————

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Michael David Beiter, Jr., a federal prisoner proceeding *pro se*, appeals the District Court's order denying his self-styled post-judgment motion to "correct the record" in his underlying criminal case. He also petitions for us to hear his appeal *en banc*. The government, in turn, has moved for summary affirmance and to stay the briefing schedule.

I.

A grand jury originally charged Beiter with multiple felonies in 2009. In a second superseding indictment, it charged him with, *inter alia*, willfuly attempting to evade income taxes, in violation of 26 U.S.C. §§ 2, 7201 ("Counts 2–4").

At several points before his case proceeded to trial, a magistrate judge questioned Beiter as to whether he would request appointed counsel or hire a private attorney, but he refused to answer questions directly and insisted he was not the defendant. As such, the magistrate judge found that he had not made a knowing and intelligent waiver and appointed counsel from the Federal Public Defender's Office for him until he could show that he was exercising a knowing, voluntary, and intelligent waiver of his rights.

Eventually, Beiter's appointed counsel moved to withdraw, arguing that Beiter did not wish to be represented by the office and that he refused to participate in the preparation of his defense.

After Beiter again refused to make a knowing and intelligent waiver of his right to counsel, or answer the magistrate judge's questions, the magistrate judge denied the motion. After Beiter's appointed counsel moved to set aside the magistrate judge's order, the District Court for the Southern District of Florida held a hearing and overruled the motion.

A jury found Beiter guilty of all 10 counts, and the District Court sentenced him to a total sentence of 120 months' imprisonment followed by 5 years of supervised release in 2011. Beiter appealed, but we affirmed. *See United States v. Beiter*, 488 F. App'x 900 (11th Cir. 2011) (unpublished).

In May 2022, Beiter moved, *pro se*, to "correct the record." He argued that he never authorized the Federal Public Defender's Office to represent him, and the office continued to represent him even after he fired his appointed counsel. He also contended that he never had waived his rights.

The District Court denied his motion, however, finding that the record indicated that the Federal Public Defender's Office had represented him as it had not been terminated as counsel of record and it had denied his appointed counsel's motion to deny. Beiter appealed and now argues that the right to choose to have counsel belonged to him, and the record showed that he did not request appointed counsel and he had repeatedly fired the Federal Public Defender's Office. He asserts that the magistrate judge and District Court violated his rights by forcing counsel on him and by not offering viable alternative options.

Rather than responding, the government moved for summary affirmance or to stay the briefing schedule. It argues that the magistrate judge and District Court did not force counsel on Beiter. Additionally, the government asserts that the District Court properly denied his motion because there was nothing to correct in the record. Finally, the government contends that Beiter's argument that the magistrate judge and District Court forced counsel on him was properly a 28 U.S.C. § 2255 motion, that would be untimely.

In response, among other arguments he previously raised, Beiter argued that his motion would be properly construed as a Fed. R. Civ. P. 60(b) motion.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case . . . ." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] A motion for summary affirmance or summary reversal shall postpone the due date for the filing of any remaining brief until we rule on such motion. 11th Cir. R. 31-1(c).

When a criminal defendant fails to raise an argument before the district court, we review for plain error. *See United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). Under plain error

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit issued prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

review, a defendant must show that there is (1) an error; (2) that is plain; and (3) that affects their substantial rights. *Id.* If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

*Pro se* pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We "may affirm for any reason supported by the record, even if not relied upon by the district court." *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (quotation marks omitted).

The rules of criminal procedure do not explicitly provide for rehearing or reconsideration of a criminal judgment; however, the Supreme Court has allowed such motions. *See Browdre v. Director*, 434 U.S. 257 (1978), *United States v. Robinson*, 361 U.S. 220 (1960). However, Fed. R. Civ. P. 60 does not apply in criminal cases. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).

Section 2255 permits a prisoner to contest his sentence by motion upon the ground that the sentence was imposed in violation of the Constitution of the United States. 28 U.S.C. § 2255(a). It allows a district court to provide the specified relief if it finds that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. *Id.* §2255(b). However, a district court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion without first notifying the litigant it intends to recharacterize the

pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion with be subject to the restrictions on second or successive motions, and provide the litigant to withdraw the motion or to amend it so that it contains all the § 2255 arguments that he believes he has. *Castro v. United States*, 540 U.S. 375, 383 (2003). Moreover, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations for bringing a § 2255 motion. 28 U.S.C. § 2255(f).

Here, regardless of the standard of review, the District Court properly denied Beiter's motion "to correct the record" because the District Court denied defense counsel's motion to withdraw, meaning the Federal Public Defender's Office represented him. Although he argues that the office never represented him, and that the magistrate judge and District Court forced him to be represented by counsel, the office remained the counsel of record for the case when the magistrate judge appointed counsel and after the District Court overruled the objection to the denial of the motion to withdraw.

To the extent that Beiter seeks to have his motion to "correct the record" construed as one under Rule 60(b), he is still not entitled to relief, because such motions—based on a civil rule of procedure—are not applicable in criminal cases, only civil ones. *Fair*, 326 F.3d at 1318.

Further, the District Court did not err, plainly or otherwise, or abuse its discretion by not considering his motion to be one under 28 U.S.C. § 2255. Specifically, had the Court chosen to do so,

it would have had to notify him that it intended to characterize his motion as such, warn him of the consequences of recharacterizing the motion, and give him the opportunity to withdraw it or all his § 2255 claims, events which did not occur here. *Castro*, 540 U.S. at 383. Moreover, that decision was reasonable, given that his request was to "correct the record," and such a motion would have been subject to a challenge as untimely. 28 U.S.C. § 2255(f).

Accordingly, because the government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance and **DENY** its motion to stay the briefing schedule as moot per 11th Cir. R. 31-1(c). *Groendyke Transp., Inc.*, 406 F.2d at 1162.